1  Howard E. King (77012)
   hking@khpslaw.com
2  Henry D. Gradstein (89747)
   hgradstein@khpslaw.com
3  Andres Monserrate (324991)
   **KING, HOLMES, PATERNO & SORIANO, LLP**
4  1900 Avenue of the Stars, 25th Floor
   Los Angeles, CA 90067
5  Telephone: (310) 282-8989

6  Edwin F. McPherson (106084)
   emcpherson@mcpherson-llp.com
7  Pierre B. Pine (211299)
   ppine@mcpherson-llp.com
8  **MCPHERSON LLP**
   1801 Century Park East, 24th Floor
9  Los Angeles, CA 90067
   Telephone: (310) 553-8833

10

11 Attorneys for Plaintiffs
   (Additional Counsel Listed on Signature Page)

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14                          WESTERN DIVISION

15

16 | SOUNDGARDEN, a Partnership; TOM | CASE NO. 2:19-cv-05449-JAK-JPR |
   WHALLEY, as Trustee of the Afeni

17 Shakur Trust; JANE PETTY; STEVE   **PLAINTIFFS' SUPPLEMENTAL**
   EARLE, individually and on behalf of  **MEMORANDUM REGARDING**
18 all others similarly situated,        **PLAINTIFFS' SECOND MOTION TO**
                                          **COMPEL DISCOVERY FROM**
19             Plaintiffs,                **DEFENDANT**

20      v.                               **[DISCOVERY DOCUMENT:**
                                          **REFERRED TO MAGISTRATE**
21 UMG RECORDINGS, INC., a              **JUDGE JEAN P. ROSENBLUTH]**
   Delaware corporation,
22                                        Class Cert. Mot. Due:  Jan. 17, 2020
               Defendant.                Fact Discovery Cutoff: Sept. 14, 2020
23                                        Pretrial Conference:   TBD
                                          Trial Date:            TBD
24
                                          **Hearing:**
25                                        Date:      Dec. 12, 2019
                                          Time:      10:00 a.m.
26                                        Place:     Courtroom 690
                                                     Roybal Federal Building and
27                                                   United States Courthouse
                                                     255 E. Temple St.
28                                                   Los Angeles, CA 90012
                                          Judge:     Hon. Jean P. Rosenbluth

**A.     UMG's (Already-Rejected) Self-Imposed Discovery Stay Is Improper**

In UMG's introductory portion of the joint stipulation, UMG claimed that Plaintiffs' motion to compel was premature, since Judge Kronstadt had not yet ruled on pending motions to dismiss and to stay discovery. *See* Dkt. 62-1, at 6. UMG's self-imposed discovery stay, enforced via discovery objections that required multiple motions to compel, was improper, as this Court *already* recognized when it granted Plaintiffs' first motion to compel. *See* Dkt. 53. Indeed, Paragraph 8(b) of the Standing Rules *requires* discovery to proceed unless otherwise stayed by the Court.

This week, Judge Kronstadt denied UMG's motion to stay. *See* Dkt. 65. In the stay denial order, Judge Kronstadt wrote: "This is not a matter in which the Court is presently 'convinced that the plaintiff will be unable to state a claim for relief.'" *Id.* at 7. This is the *second* time Judge Kronstadt has indicated that the motion to dismiss will not be granted in its entirety. *See* Dkt. 46. Judge Kronstadt refused to limit discovery to jurisdictional facts, or to the claims of the named Plaintiffs only. Thus, UMG must provide all discovery now, and its "kick the can down the road" approach must be rejected.[1]

UMG further argues for delay by claiming that Plaintiffs have no pressing need for the requested discovery at issue before resolution of the motion to dismiss. That argument (which is just another poorly-disguised stay request) is wrong. UMG points out that "the parties have both agreed that the current class certification deadline should be vacated." Dkt. 62-1, at 4. But the Court has not yet vacated or adjusted any of the current dates on the schedule, including the January 17, 2020 deadline to move for class certification. The

---

[1] The parties held a meet-and-confer on December 3, 2019 on more document production failures by UMG that may require an additional motion to compel, and Plaintiffs request that UMG stipulate to continue the class certification deadline as previously agreed. UMG indicated that it might serve responses to the interrogatories at issue in this motion before the December 12, 2019 hearing. Plaintiffs requested that UMG confirm in writing its commitment to answering these interrogatories, so that it may be so-ordered by the Court. On December 5, 2019, UMG indicated by email that its "forthcoming responses" to interrogatories 3 and 4 will "moot" this motion. But the responses have yet to be served as of the filing of this supplemental brief, and it is now after the close of business. In the same email, UMG declined to commit to a stipulation as to the class certification motion deadline.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' SECOND
MOTION TO COMPEL DISCOVERY FROM DEFENDANT

discovery requests at issue here were served nearly three months ago. UMG deployed enormous litigation firepower fighting this (and other) discovery, asserting objections requiring motion practice, seeking a discovery stay, fighting motions to compel, and then trying to stay enforcement of this Court's order granting the motion to compel on an *ex parte* basis. The parties, and the Court, have had to expend significant resources because of UMG's dilatory tactics. These UMG discovery games and excuses must come to end. UMG should finally focus on producing discovery.

**B.    UMG Must Identify All of the Participants in the Fire Investigation**

UMG has no sound basis for continuing to avoid answering, and only objecting to, Interrogatory No. 3, which asks UMG to identify all persons who were involved in UMG's prior investigation into its losses in the fire. All the individuals who would be listed in UMG's response to this question are potential fact witnesses. The investigation apparently found that more than 118,000 recordings were lost; but UMG now suggests, in an effort to avoid liability, the "figure" may have been incorrect. UMG's own shifting explanations have made discovery into the conduct and conclusions of the prior investigation even more important. Interrogatory No. 3 therefore seeks relevant information—indeed, UMG does not argue otherwise in its portion of the joint stipulation. UMG therefore cannot meet its burden to justify its refusal to answer the question. *See Glaukos Corp. v. Ivantis, Inc.*, Case No. CV 8:18-00620-JVS (JDEx), 2019 WL 3000647, at *2 (C.D. Cal. May 29, 2019) (if movant shows relevance, non-movant "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence").

In UMG's portion of the joint stipulation, UMG completely abandons several objections that it previously lodged to Interrogatory No. 3. UMG no longer contends that the interrogatory is vague or ambiguous (it is not). UMG abandons its boilerplate privilege/work product and confidentiality-based objections (the requested information is neither privileged nor confidential, and confidentiality is not a proper basis for objecting to discovery in any event). And UMG ceases to press on with its nonsensical position that

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' SECOND
MOTION TO COMPEL DISCOVERY FROM DEFENDANT

all discovery can be avoided because UMG has argued Plaintiffs' claims lack merit. UMG should never have lodged these outlandish objections in the first place.

UMG's only remaining objections that it apparently still stands on are conclusory arguments about burden and proportionality. At various points in UMG's portion of the joint stipulation, UMG suggests Plaintiffs must somehow justify the burden associated with answering the interrogatory, beyond showing that the requested information is relevant. *See, e.g.*, Dkt. 62-1, at 11 ("Plaintiffs have never suggested, because they cannot, why the identification of these individuals—who, collectively, led UMG's efforts to investigate what recordings were lost in the 2008 fire—is insufficient to pursue their claims here. . . . Nor have Plaintiffs explained how they would use a list of such names to seek appropriate and proportional discovery in the future."); *id.* at 12 ("Plaintiffs have still failed to explain why such information is proportional to the needs of this case . . . ."). UMG has it backwards, because it is not Plaintiffs' burden to make such a showing why *relevant* information has to be produced. UMG must show why relevant information *should not* be produced. *See Glaukos Corp.*, 2019 WL 3000647, at *2.

UMG does not meaningfully argue that answering Interrogatory No. 3 would impose an undue burden. UMG only characterizes the burden as "obvious" and "unreasonabl[e]." But such boilerplate, unsupported characterizations of answering an interrogatory are not sufficient. *See, e.g.*, *Polaris Innovations Ltd. v. Kingston Techs. Co.*, No. CV 16-00300 CJC (RAOx), 2017 WL 3275615, at *6-*7 (C.D. Cal. Feb. 14, 2017) ("[A]ssertions of undue burden and lack of proportionality, without more, are insufficient . . . ."). UMG's reliance on *Moses v. Halstead*, 236 F.R.D. 667 (D. Kan. 2006), to support its scope objection to Interrogatory No. 3 is misplaced. There, the interrogatory in question sought identification of "all individuals who have or *claim to have* knowledge 'concerning any of the issues raised in the pleadings.'" *Id.* at 672 (emphasis added). Here, Interrogatory No. 3 is far narrower—it seeks the names of persons *actually* involved in one specific investigation. UMG's quotation of a discussion of discovery proportionality principles from *Roberts v. Clark County School District*, 312 F.R.D. 594 (D. Nev. 2016), is also inapt.

There, the Court rejected a transgender-discrimination defendant's attempt to compel the plaintiff to produce "proof of his genitalia." *Id.* at 604. The Court concluded this was not legitimate discovery, but an effort to harass the plaintiff. UMG has no basis for implying that Plaintiffs' request for potential witness names is similarly harassing.

UMG suggests that its prior initial disclosures under Rule 26, which identified *some* of the persons with knowledge of the fire investigation, render Interrogatory No. 3 superfluous. UMG is incorrect. A party's initial disclosures need only identify persons "likely to have discoverable information . . . *that the disclosing party* may use to *support* its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). It is therefore commonplace, and not objectionable, for parties to ask for information about potential witnesses beyond those the other side selectively *chooses* to list in initial disclosures. *See, e.g.*, *Bryant v. Mattel, Inc.*, Nos. C 04-09049 SGL (RNBx), 2007 WL 5432960, at *2 (C.D. Cal. Apr. 17, 2007). Plaintiffs' interrogatory properly requires UMG to list potential witnesses who may have knowledge of any information regarding the investigation— regardless of whether UMG self-servingly intends to rely on that particular information to support its defenses. It is also entirely irrelevant to this discovery dispute that UMG's initial disclosures listed more than ten persons, *i.e.*, more persons than the default discovery rules might arguably allow Plaintiffs to depose (if not otherwise modified, which may be required if UMG actually answers the interrogatory). Plaintiffs are permitted to interview any number of witnesses it wants to so long as they are not represented by UMG's counsel, and to depose the witnesses they choose, regardless of whether the Defendant listed them as witnesses on its initial disclosures.

Finally, UMG suggests that Plaintiffs could "glean" the requested information by conducting its own investigation, including by seeking out publicly available materials and reviewing produced documents. Dkt. 62-1, at 3, 12-13. But the Federal Rules of Civil Procedure do not recognize a "Go Figure It Out Yourself" objection to interrogatories seeking relevant information. UMG could have tried to avail itself of the option to respond to this interrogatory via document production under Rule 33(d), "[i]f the answer . . . may

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' SECOND
MOTION TO COMPEL DISCOVERY FROM DEFENDANT

be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." UMG did not attempt to do so—because UMG knows that, as the party that conducted the fire investigation, it could not show the equal burden element.

### C.   UMG Must Identify the Recordings Its Investigation Found Were Lost

UMG's insistence on maintaining objections to Interrogatory No. 4 is confounding. The interrogatory seeks plainly relevant information—that is, identification of the recordings that UMG found were destroyed in its prior investigation of the fire. UMG comes nowhere close to showing that answering would be unduly burdensome; indeed, it cannot, because all 118,000 recordings had *already* been identified *by its outside counsel* as a result of UMG's prior investigation.

Despite forcing Plaintiffs to move by refusing to concede on this discovery, UMG's portion of the joint stipulation makes no attempt to justify its objections to this interrogatory. Instead, UMG's portion of the joint stipulation vaguely purports to reserve boilerplate objections based on scope and relevance, as well as to supposed prematurity, before ultimately resting on the position that the interrogatory has been rendered "moot" by UMG's prior production of documents that purport to list some recordings UMG has found were lost. But the production of these documents containing overlapping information does not "moot" the need for UMG to answer this interrogatory seeking relevant information—in fact, there is no such thing as a "moot" interrogatory. UMG can and should still answer the interrogatory. If UMG believes it has produced documents that answer this interrogatory, it can avail itself of Rule 33(d) as appropriate.

### D.   UMG Should Answer These Interrogatories Without Further Delay

UMG wasted the parties', and the Court's, time by lodging baseless objections to discovery, and forcing Plaintiffs to file a motion which is, in large part, not even seriously contested. The motion to compel should be granted and, to avoid further delay, UMG should be ordered to answer the interrogatories within 7 days of the Court's order.

1  Dated: December 5, 2019          By: _/s/ Mark Hatch-Miller___

2

3  Howard E. King
   Henry D. Gradstein
4  Andres Monserrate
   KING, HOLMES, PATERNO &
5  SORIANO, LLP

6  Edwin F. McPherson
   Pierre B. Pine
7  McPHERSON LLP

8  Steven G. Sklaver (237612)
   ssklaver@susmangodfrey.com
9  Kalpana D. Srinivasan (237460)
   ksrinivasan@susmangodfrey.com
10 Meng Xi (280099)
   mxi@susmangodfrey.com
11 SUSMAN GODFREY LLP
   1900 Avenue of the Stars, Suite 1400
12 Los Angeles, CA 90067
   Telephone: (310) 789-3100

13 Stephen E. Morrissey (187865)
   smorrissey@susmangodfrey.com
14 SUSMAN GODFREY LLP
   1201 3rd Avenue, Suite 3800
15 Seattle, WA 98101
   Telephone: (206) 373-7380

16

17 Mark H. Hatch-Miller (*pro hac vice*)
   mhatchmiller@susmangodfrey.com
18 SUSMAN GODFREY LLP
   1301 Avenue of the Americas 32nd Floor
19 New York, NY 10019
   Telephone: (212) 336-8330

20 Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' SECOND
MOTION TO COMPEL DISCOVERY FROM DEFENDANT

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on this the 5th day of December, 2019, I have electronically

3  filed the foregoing document with the Clerk of the Court using the CM/ECF system.

4  Notice of this filing will be sent to all parties and counsel of record by operation of the

5  Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties

6  may access this filing through the Court's electronic filing system.

7

8                          /s/    *Mark Hatch-Miller*

9                               Mark Hatch-Miller

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFFS' SECOND
MOTION TO COMPEL DISCOVERY FROM DEFENDANT