SCOTT A. EDELMAN, SBN 116927
 sedelman@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
 dstein@gibsondunn.com
NATHANIEL L. BACH, SBN 246518
 nbach@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
UMG RECORDINGS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SOUNDGARDEN, a Partnership; TOM WHALLEY, as Trustee of the Afeni Shakur Trust; JANE PETTY; STEVE EARLE, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>    v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>                 Defendant. | CASE NO. 2:19-cv-05449-JAK-JPR<br><br>**DEFENDANT UMG RECORDINGS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' THIRD MOTION TO COMPEL DISCOVERY FROM DEFENDANT**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JEAN P. ROSENBLUTH]**<br><br>Class Cert. Mot. Due:  Mar. 31, 2020<br>Fact Discovery Cutoff: Sept. 14, 2020<br>Pretrial Conference:   TBD<br>Trial Date:            TBD<br><br>**Hearing:**<br>Date:  March 5, 2020<br>Time:  2:30 p.m.<br>Place: Courtroom 690<br>       Roybal Federal Building and<br>       United States Courthouse<br>       255 E. Temple St.<br>       Los Angeles, CA 90012<br>Judge: Hon. Jean P. Rosenbluth |

Plaintiffs' Third Motion to Compel seeks discovery that is (a) extraordinarily burdensome, oppressive, and effectively impossible to satisfy (Interrogatory No. 1); (b) unnecessary or wholly unjustified at the present time (Demand for Production No. 16, which seeks yet more recording agreements), given Plaintiffs' apparent failure to review the thousands of documents they have already received; or (c) entirely mooted/satisfied (Demands for Production Nos. 8, 9, and 41) on account of UMG's extensive productions to date, including—this week—over 24,000 pages of deposition transcripts and associated exhibits from the *NBCU* litigation. Indeed, UMG's extensive productions stand in sharp contrast to Plaintiffs' production of only a handful of documents to date, totaling *fewer than 500 pages* and thus less than 0.1% of the over 1 million pages UMG has produced. This is despite UMG's service of plainly relevant and non-burdensome document requests to which—in most instances—Plaintiffs have not even raised any substantive objection.[1] Plaintiffs' Third Motion to Compel should be denied in its entirety.

**Interrogatory No. 1**: For all the reasons articulated at length in the Declaration of Patrick Kraus and in UMG's portion of the Joint Stipulation, Plaintiffs' demand that UMG complete a massive investigation to identify via sworn interrogatory "all artists who had any master recordings damaged or lost in, by, or as a result of the June 1, 2008 fire on the NBCUniversal lot" is an impermissibly burdensome undertaking that is disproportionate to the needs of this case, oppressive, and harassing. As Mr. Kraus's declaration makes clear, it would literally take years and substantial cost for UMG to complete such an investigation for the nearly 17,000 artists Plaintiffs identify. Doing so would require a substantial diversion of UMG's

---

[1] Some of UMG's requests for production are the subject of UMG's First Motion to Compel, which has also been filed today, with a noticed hearing date of March 19, 2020. However, given the overlapping issues and simplicity of UMG's Motion to Compel—which only seeks to hold Plaintiffs to their broken promise to produce documents that they said they would—it makes sense to consider both motions at the March 5 hearing, particularly given Plaintiffs' impending deadline to file their motion for class certification and UMG's short time for filing its opposition thereafter.

workforce as well as the hiring of additional individuals (above and beyond those already retained for this effort) at great expense.

UMG nonetheless continues to conduct and make steady progress in its own inquiry into its fire-impacted assets—begun before and not for the purpose of this litigation—in an effort to provide transparency to UMG's artist community. Accordingly, UMG will soon supplement its response to Interrogatory No. 1 with up-to-date results of its independent investigation. But Plaintiffs' extraordinary request that UMG "fully answer" Interrogatory No. 1 (under penalty of perjury) by forcing UMG to accelerate this non-litigation-related worldwide investigation—in violation of Rule 33's limitation that parties need only provide information "available to [them] . . . without undue labor and expense"—should be denied outright. *See* Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.); *see also* Fed. R. Civ. P. 33(b)(1)(B).

**Demands for Production Nos. 8 and 9** (seeking deposition transcripts and exhibits thereto from the *NBCU* litigation): These requests are now moot. As UMG explained in its portion of the Joint Stipulation, Plaintiffs moved to compel production of these documents in the midst of the parties' ongoing meet and confer. As it said it would, UMG has since produced deposition transcripts and exhibits for all persons deposed in *UMG Recordings, Inc. v. NBC Universal, Inc.* (SC106213), which total over 24,000 pages of materials, thereby fully satisfying these Requests and UMG's obligations thereunder.

**Demands for Production Nos. 16 and 41** (seeking recording agreements): As UMG noted in its portion of the Joint Stipulation, UMG has already produced thousands of recording agreements, including agreements concerning artists on the now-outdated "GOD List" (*i.e*., a list of assets that UMG believed during prior litigation may have been impacted by the fire). Since the filing of the Joint Stipulation, Plaintiffs have *still* not provided UMG any indication that they have even reviewed the thousands of recording agreements UMG has already produced (nor have Plaintiffs since identified *any* specific recording agreements that are missing). Forcing UMG to

1  turn over to Plaintiffs even more recording agreements before Plaintiffs have even
2  indicated whether they have *reviewed* the thousands they have already received—and
3  thus before Plaintiffs have established any need for all such recording agreements—
4  would be duplicative and improper, and would impose further unnecessary burden on
5  UMG.  Notwithstanding Plaintiffs' failure to establish their need for more agreements,
6  requiring UMG to produce even more agreements than the thousands Plaintiffs already
7  have would be contrary to the entire purpose of class-action litigation, which seeks to
8  provide all parties (not just plaintiffs) efficiencies and to avoid the type of wasteful and
9  unnecessary mass discovery that Plaintiffs' demand for more recording agreements
10 represents.  Plaintiffs' request for an order compelling such further production should
11 be denied.

                                             * * *

13    Plaintiffs' Third Motion to Compel should therefore be denied in its entirety.

15 Dated: February 27, 2020         Respectfully submitted,

                                    **GIBSON, DUNN & CRUTCHER LLP**

                                    By:   /s/ *Scott A. Edelman*

                                    Scott A. Edelman (SBN 116927)
                                    sedelman@gibsondunn.com
                                    Deborah L. Stein (SBN 224570)
                                    dstein@gibsondunn.com
                                    Nathaniel L. Bach (SBN 246518)
                                    nbach@gibsondunn.com
                                    333 South Grand Avenue
                                    Los Angeles, CA 90071
                                    Telephone:  213.229.7000
                                    Facsimile:   213.229.7520

                                    Attorneys for Defendant
                                    UMG RECORDINGS, INC.